UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAMIA BJURLING,<br><br>               Plaintiff,<br>    v.<br><br>ALEC JOHNSON, et al.,<br><br>               Defendants. | CASE NO. C25-5559JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court are (1) *pro se* Plaintiff Damia Bjurling's complaint against Defendants Alec Johnson, police chief Shelby Parker, and Calvin Earl Holder III ("Defendants") (Compl. (Dkt. # 4) at 2), and (2) Magistrate Judge Grady J. Leupold's order granting Ms. Bjurling's application to proceed *in forma pauperis* ("IFP") and recommending that the court review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (IFP Order (Dkt. # 3).) Under 28 U.S.C. § 1915(e)(2)(B), district courts have authority to review IFP complaints and must dismiss them if "at any time" the court determines that a

ORDER - 1

complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings, not just those filed by prisoners). The court has considered Ms. Bjurling's complaint and concludes that the allegations therein fail to state a claim upon which relief can be granted. Accordingly, the court DISMISSES Ms. Bjurling's claims without prejudice and with leave to amend.

## II.    BACKGROUND

In June 2025, Ms. Bjurling filed a complaint against Mr. Johnson, Ms. Parker, and Mr. Holder.[1] (Compl. at 2.) Ms. Bjurling alleges that, since June 2024, Defendants have engaged in "harassment, intimidation, hate crime, unlawful threats of arrest [sic]" and that she has been "insulted because of autism." (*Id.* at 6-7.) She further alleges that "Defendant 3"—which the court understands to be Mr. Holder—caused bruising on Ms. Bjurling's body and injured her service dog. (*Id.*; *see id.* at 2 (listing Mr. Holder as the third Defendant).) Ms. Bjurling seeks damages for the costs of her service dog's surgery and "damages from what the court deems necessary." (*Id.* at 7.) She brings this action under § 1983,[2] alleging that Defendants violated the Fourteenth Amendment; the Fourth Amendment; 42 U.S.C. §§ 12101, 1397 and 3617; 18 U.S.C. § 875; and 34 U.S.C. § 217. (*Id.* at 5.)

---

[1] Ms. Bjurling sues Mr. Johnson and Ms. Parker in their official capacities and sues Mr. Holder in his individual capacity. (Compl. at 2.)

[2] Ms. Bjurling also indicated that she filed this suit against Defendants under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 338 (1971). Ms. Bjurling, however, did not provide any factual allegations to support her *Bivens* claim. (*See* Compl. at 5.)

### III.    ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines that (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Because Ms. Bjurling is a *pro se* plaintiff, the court must construe her pleadings liberally. *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992). Nonetheless, dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). The complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (requiring the plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a)(1)-(2) (requiring a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief"). To successfully plead a § 1983 claim, a plaintiff must allege facts showing how each individually named Defendant caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

1       Ms. Bjurling's complaint is subject to dismissal because she has not alleged sufficient facts to "raise [her] right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Ms. Bjurling seeks damages in connection with injuries to herself and to her service dog, but even liberally construing Ms. Bjurling's complaint, *see McGurkin*, 974 F.2d at 1055, the court is unable to "draw the reasonable inference that [D]efendant[s] [are] liable for the misconduct alleged." *See Twombly*, 550 U.S. at 555. Specifically, the court cannot determine (1) how and when Defendants allegedly injured Ms. Bjurling and her service dog; or (2) the circumstances surrounding the alleged injuries. Moreover, Ms. Bjurling alleges that Mr. Holder caused bruising to her body and injured her service dog (Compl. at 7), but her complaint contains no allegations regarding Mr. Johnson or Ms. Parker. As written, Ms. Bjurling's allegations are too thin for the court determine if she plausibly states a claim for relief against any of the Defendants. *See Ashcroft*, 556 U.S. at 678; *Leer*, 844 F.2d at 633. Accordingly, the court must dismiss Ms. Bjurling's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

      When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). In light of the Ninth Circuit's liberal policy favoring amendment, the court GRANTS Ms. Bjurling leave to file an amended complaint. If she does so, she must articulate both the legal and factual bases supporting her claims as to each Defendant and address the deficiencies identified in this order. Ms. Bjurling shall file her amended complaint, if any, by no later than **August 4, 2025**. If Ms. Bjurling fails to timely comply with this order or fails to file

an amended complaint that remedies the deficiencies discussed in this order, the court will dismiss this case without prejudice.

## IV. CONCLUSION

For the foregoing reasons, the court DISMISSES Ms. Bjurling's complaint (Dkt. # 4) without prejudice and with leave to file an amended complaint that corrects the deficiencies identified herein by no later than **August 4, 2025.**

Dated this 7th day of July, 2025.

JAMES L. ROBART
United States District Judge