1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAMIA BJURLING, | CASE NO. C25-5559JLR |
| Plaintiff, | ORDER |
| v. | |
| ALEC JOHNSON, et al., | |
| Defendants. | |

## I.　　INTRODUCTION

Before the court are (1) *pro se* Plaintiff Damia Bjurling's amended complaint against Defendants Alec Johnson, Chief of Police Shelby Parker, and Calvin Earl Holder III ("Defendants") (Am. Compl. (Dkt. # 10)), and (2) Magistrate Judge Grady J. Leupold's order granting Ms. Bjurling's application to proceed *in forma pauperis* ("IFP") and recommending that the court review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (IFP Order (Dkt. # 3).) The court has considered Ms. Bjurling's amended complaint and concludes that the allegations therein fail to state a claim upon which relief

can be granted.  Accordingly, the court DISMISSES Ms. Bjurling's claims without prejudice and with leave to amend.

## II.     BACKGROUND AND ANALYSIS

In June 2025, Ms. Bjurling filed a complaint under 42 U.S.C. § 1983 against Mr. Johnson, Chief Parker, and Mr. Holder alleging that Defndants have engaged in "harassment, intimidation, hate crime, [and] unlawful threats of arrest [sic]" since June 2024, and that she has been "insulted because of autism." (Compl. (Dkt. # 4) at 6-7.) She also alleged that "Defendant 3"—which the court understands to be Mr. Holder— caused bruising on Ms. Bjurling's body and injured her service dog. (*Id.*; *see id.* at 2 (listing Mr. Holder as the third Defendant).)

On July 7, 2025, the court dismissed Ms. Bjurling's complaint for failure to state a claim, reasoning that it could not determine from her allegations (1) how and when Defendants allegedly injured Ms. Bjurling and her service dog; or (2) the circumstances surrounding the alleged injuries. (7/7/25 Order (Dkt. # 5) at 4.)  The court also observed that Ms. Bjurling alleged that Mr. Holder caused bruising to her body and injured her service dog (Compl. at 7), but that her complaint contained no allegations regarding Mr. Johnson or Chief Parker.  The court therefore dismissed Ms. Bjurling's complaint but granted her leave to file an amended complaint that addressed the deficiencies identified in the court's order.  (7/7/25 Order at 4.)  The court instructed Ms. Bjurling that her amended complaint must "articulate both the legal and factual bases supporting her claims as to each Defendant and address the deficiencies identified in" the court's July 7, 2025 order.  (*Id.*)

1    Ms. Bjurling timely filed an amended complaint.  (*See* Am. Compl.)  She alleges
2    that, between June 2024 and the present, Defendants have "coordinated no enforceability
3    of a court order supporting claims [sic]."  (*Id.* at 6 (cleaned up).)[1]  She also appears to
4    allege that Defendants "punish[ed]" her for exercising her First Amendment rights and
5    for her autism.  (*Id.* at 6, 7.)  Ms. Bjurling further alleges that she suffered bruising, injury
6    to her service dog, and emotional harm in connection with the "coordination" of a sexual
7    assault.  (*Id.* at 11 (cleaned up).)  These allegations, however, fail to show how
8    Defendants injured Ms. Bjurling and her service dog or the factual circumstances
9    surrounding the alleged injuries.

10    Ms. Bjurling's amended complaint pleaded some allegations with respect to each
11    individual Defendant.  Specifically, she alleges that Chief Parker "failed to train" police
12    officers in "ADA compliance[,]" "allowed [police officers] to retaliate against" Ms.
13    Bjurling, and failed to "compl[y] with body cam[era] control."  (*Id.* at 8.)  She further
14    alleges that Chief Parker "state[d] that her department can further defy" an unidentified
15    order of the Thurston County Superior Court.  (*Id.*)  As to Mr. Johnson, Ms. Bjurling
16    alleges that he "coordinated with law enforcement" to retaliate against her for "asserting
17    [her] rights under" the Fair Housing Act and "denied reasonable accommodations related
18    to [her] disability[,]" which allegedly "result[ed] in a sexual assault on July 21, 2025."
19    (*Id.* at 9.)  Ms. Bjurling also alleges that Mr. Holder is subject to a Vulnerable Adult
20    Protection Order and coordinated with the other Defendants "to obstruct [the] authority"

---

[1] In citing to Ms. Bjurling's amended complaint, the court refers to the CM/ECF page numbers at the top of the page.

of the Thurston County Superior Court. (*Id.*) But Ms. Bjurling's amended complaint still fails to plead any facts showing regarding what each Defendant did to harm Ms. Bjurling and her service dog.

Ms. Bjurling's amended complaint contains few allegations describing the conduct underlying her claims. Instead, she appears to allege that the conduct subject of the instant action is "described through" the approximately 500 pages of exhibits she filed with her amended complaint. (Am. Compl. at 6; *see id.*, Exs. A-C.) For this reason, as well as the reasons described above, Ms. Bjurling's amended complaint is legally deficient and fails to allege facts sufficient to support a plausible claim to relief. *See French v. Washington State Dep't of Health*, No. C15-0859JLR, 2017 WL 368271, at *3 (W.D. Wash. Jan. 25, 2017) ("[The plaintiff] 'may not attach a large number of exhibits to [her complaint] with the expectation that the [c]ourt will read the exhibits and extract the necessary factual pieces to construct a cognizable claim on [her] behalf.'" (citation omitted)); *see also Turner v. Grievance Coordinator*, No. 2:13-cv-02126-APG-PA 2014 WL 3002082, *3 (D. Nev. 2014) (dismissing complaint at the § 1915 screening stage because the plaintiff made "no actual factual allegations in the amended complaint" and instead submitted "thirteen pages of exhibits" purportedly supporting her claims). The court therefore dismisses Ms. Bjurling's amended complaint.

When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the court grants Ms. Bjurling leave to file a second amended complaint by **August 25,**

**2025** that addresses the deficiencies described in this order. To the extent that the factual deficiencies in Ms. Bjurling's claims are cured by facts revealed in exhibits or other materials outside of the four corners of her complaint, she is advised that she should file a second amended complaint that specifically alleges those facts instead of relying on exhibits to present those facts.

### III.   CONCLUSION

For the foregoing reasons, the court DISMISSES Ms. Bjurling's amended complaint (Dkt. # 10) without prejudice and with leave to file a second amended complaint that corrects the deficiencies identified herein by no later than **August 25, 2025**. Failure to timely file a second amended complaint that corrects the deficiencies identified in this order will result in dismissal of this case without prejudice.

Dated this 8th day of August, 2025.

JAMES L. ROBART
United States District Judge