UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAMIA BJURLING,                                    CASE NO. C25-5559JLR

                          Plaintiff,               ORDER

              v.

ALEC JOHNSON, et al.,

                          Defendants.

## I.    INTRODUCTION

Before the court is *pro se* Plaintiff Damia Bjurling's motion seeking the appointment of counsel in the instant action.  (Mot. (Dkt. # 15).)  Ms. Bjurling is proceeding *in forma pauperis* ("IFP") in this matter.  (*See* IFP Order (Dkt. # 3).)  The court has reviewed Ms. Bjurling's motion, the relevant portions of the record, and the applicable law.  Being fully advised, the court DENIES Ms. Bjurling's motion to appoint counsel without prejudice.

## II.    BACKGROUND[1] AND ANALYSIS

In June 2025, Ms. Bjurling filed a complaint under 42 U.S.C. § 1983 against Defendants Alec Johnson, Chief of Police Shelby Parker, and Calvin Earl Holder III ("Defendants").  (Compl. (Dkt. # 4).)  She alleged, among other things, that Defendants engaged in "harassment, intimidation, hate crime, [and] unlawful threats of arrest [sic]" since June 2024, "insulted" Ms. Bjurling because of autism[,]" and caused injury to Ms. Bjurling and her service dog.  (Compl. at 6-7.)  On July 7, 2025, the court dismissed Ms. Bjurling's complaint for failure to state a claim and granted her leave to file an amended complaint.  (*See* 7/7/25 Order (Dkt. # 5).)  Ms. Bjurling timely filed an amended complaint on August 4, 2025.  (*See* Am. Compl. (Dkt. # 10).)  For reasons more fully explained in the court's August 8, 2025 order, the court dismissed Ms. Bjurling's amended complaint, but granted her leave to file an amended complaint that corrects the deficiencies identified in the court's August 8, 2025 order by August 25, 2025.  (8/8/25 Order (Dkt. # 14).)  On August 8, 2025, after the court entered its order dismissing Ms. Bjurling's amended complaint, Ms. Bjurling moved for the appointment of counsel.  (*See* Mot.)

There is no constitutional right to appointed counsel in a § 1983 action.  *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) (appointment of counsel in § 1983 cases

---

[1] The court detailed the factual background that it could glean from Ms. Bjurling's complaint in its August 8, 2025 order dismissing her amended complaint for failure to state a claim and does not repeat that background here except as is relevant to this order.  (*See* 8/8/25 Order (Dkt. # 14).)

is "discretionary, not mandatory").  In "exceptional circumstances," however, a district court may request pro bono counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).  *Rand v. Roland*, 113F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998).

To satisfy the "exceptional circumstances" standard, the court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate [her] claims *pro se* in light of the complexity of the legal issues involved."  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).[2]  A plaintiff must set forth facts showing she has an insufficient grasp of her case or the legal issues involved, as well as an inadequate ability to articulate the factual basis of her claim.  *See Wilborn*, 789 F.2d at 1331; *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  Although a *pro se* litigant may be better served with the assistance of counsel, that is not the test.  *Rand*, 113 F.3d at 1525.

In the instant motion, Ms. Bjurling offers no argument to the effect that she has any likelihood of success on the merits or that she is unable to articulate her claims *pro se* in light of the complexity of the legal issues involved.  (*See generally* Mot.)  In fact, Ms. Bjurling's motion does not set forth any argument explaining her alleged need for the appointment of counsel in this case.  (*See id.*)  And although the court dismissed Ms. Bjurling's amended complaint for failure to state a claim with leave to amend (*see* 8/8/25

---

[2] The Ninth Circuit's opinion in *Wilborn* discusses an earlier version of § 1915(d) that is not substantively different from the current version of § 1915(e)(1).

Order), Ms. Bjurling has not demonstrated an inability to articulate facts supporting her claims *pro se*.  (*See* Compl.; Am. Compl.)  Accordingly, the court denies Ms. Bjurling's motion.

### III.    CONCLUSION

For the foregoing reasons, the court DENIES Ms. Bjurling's motion seeking the appointment of counsel without prejudice (Dkt. # 15).

Dated this 8th day of August, 2025.

JAMES L. ROBART
United States District Judge