1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    DAMIA BJURLING,                          CASE NO. C25-5559JLR

11                          Plaintiff,         ORDER

12               v.

13    ALEC JOHNSON, et al.,

14                          Defendants.

## I.    INTRODUCTION

16    Before the court are (1) Defendant Police Chief Shelby Parker's motion to dismiss

17 (MTD (Dkt. # 31)) and Plaintiff Damia Bjurling's motions for (2) entry of default against

18 Chief Parker and Defendant Calvin Earl Holder, III, (together, "Defendants") (Def. Mot.

19 (Dkt. # 34)); (3) joinder of new defendants (MFJ (Dkt. # 39)); (4) a protective order

20 against Chief Parker, (MPO (Dkt. # 44)); and (5) leave to amend her second amended

21 complaint and for sanctions against counsel for non-party Intercity Transit (MTA (Dkt.

22 # 46).).  Chief Parker opposes Ms. Bjurling's motion for entry of default (Def. Mot. Resp.

1  (Dkt. # 38)), and did not respond to Ms. Bjurling's other motions (*see generally* Dkt.).

2  Ms. Bjurling opposes Chief Parker's motion to dismiss.  (MTD Resp. (Dkt. # 36).)  The

3  court has considered the parties' submissions, the relevant portions of the record, and the

4  governing law.  Being fully advised,[1] the court DENIES Ms. Bjurling's motions for entry

5  of default, joinder, a protective order, leave to amend, and sanctions; and GRANTS Chief

6  Parker's motion to dismiss.

7  ## II. BACKGROUND

8  The court set forth much of the factual and procedural background of this matter in

9  its August 8, 2025 order dismissing Ms. Bjurling's amended complaint (*see, e.g.*, 8/8/25

10  Order (Dkt. # 14) at 2-4) and does not repeat that background here except as relevant.  On

11  August 10, 2025, Ms. Bjurling filed a second amended complaint against former

12  Defendant Alec Johnson, Chief Parker, and Mr. Holder in which she alleged that

13  Defendants' joint actions violated her rights under the First, Eighth, Tenth, and

14  Fourteenth Amendments under 42 U.S.C. § 1983; the Americans with Disabilities Act

15  ("ADA"), 42 U.S.C. § 12132; the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(f); and

16  multiple state statutes.  (*See* 2d Am. Compl. ("SAC") (Dkt. # 18) at 5, 8, 13.)  Ms.

17  Bjurling, who alleges that she was sexually assaulted by non-party Demmeitrick Swansey

18  on July 21, 2025, asserts that:  (1) Mr. Holder recorded the sexual assault and violated a

19  Vulnerable Adult Protection Order ("VAPO") to which Mr. Holder is subject;

20

21  [1] Ms. Bjurling requests oral argument on Chief Parker's motion to dismiss.  (*See* MTD Resp. at 1.)  The court, however, concludes that oral argument would not assist in its resolution of that motion.  *See* Local Rules W.D. Wash. LCR 7(b)(4) (providing that all motions will be

22  decided by the court without oral argument unless otherwise court ordered).

(2) Olympia police officers[2] "downgraded" the criminal charges against Mr. Swansey and Mr. Holder to misdemeanors and failed to record or retain body-camera footage; and (3) Mr. Johnson and Mr. Holder's conduct violated the ADA and the FHA and resulted in injuries to Ms. Bjurling and her service dog that required medical and veterinary care. (*Id.* at 13.)

On August 11, 2025, the court dismissed Ms. Bjurling's claims against Mr. Johnson and directed Ms. Bjurling to serve the filed version of the second amended complaint on Chief Parker and Mr. Holder.  (8/11/25 Order (Dkt. # 19) at 3-5.)  On August 15, 2025, Ms. Bjurling filed an affidavit stating that she had personally served Chief Parker "[v]ia Postal Service on Council [sic] Mix Sanders Thompson PLLC" on August 15, 2025.  (Parker Service Aff. (Dkt. # 25) at 2.)  On August 22, 2025, Ms. Bjurling filed an affidavit stating that she had personally served Mr. Holder by first-class mail to his residence on August 20, 2025.  (Holder Service Aff. (Dkt. # 26) at 1, 4.)

On September 13, 2025, Ms. Bjurling filed a motion for default judgment, which the court denied because default had not yet been entered against Defendants as required by Federal Rule of Civil Procedure 55 and Local Civil Rule 55(b)(1).  (*See generally* MDJ (Dkt. # 27); 9/17/25 Order (Dkt. # 30).)  Chief Parker filed the instant motion to dismiss on September 17, 2025 (*see* MTD), and Ms. Bjurling filed the instant motion for entry of default on September 19, 2025 (*see* Def. Mot.).

---

[2] Although Ms. Bjurling mentions "Officers Spithaler, Davis, and Supervisor Sparks" in her second amended complaint (*id.* at 8, 13), she does not name them as defendants.

1    On September 28, 2025, Ms. Bjurling filed a motion to join Olympic Health &

2   Recovery Services, Lucy Stern, South Sound Behavioral Hospital, and Providence Health

3   & Services as new defendants in this matter for their roles in her civil commitment over

4   the past five years.  (MFJ at 2 (contending that Ms. Bjurling has "endured five years of

5   repeated unlawful [Involuntary Treatment Act] detentions").)

6    On October 9, 2025, Ms. Bjurling filed a motion for injunctive relief[3] to prohibit

7   "[Chief] Parker and her agents" from subjecting Ms. Bjurling to civil commitment and to

8   direct the Thurston County Superior Court to comply with federal law.  (MPO at 1, 3.)

9   On October 20, 2025, Ms. Bjurling filed a motion to amend her complaint to add claims

10  that "Intercity Transit's counsel acted in coordination with or on behalf of Chief

11  Parker[]" to retaliate against her and to impose sanctions under 28 U.S.C. § 1927 on

12  counsel for Intercity Transit for "unreasonably and vexatiously multiplying proceedings

13  in coordination with [Chief Parker]."  (MTA at 1-2.)

14                                      **III. ANALYSIS**

15    Below, the court reviews the parties' motions and addresses each Defendant in

16  turn.  In doing so, the court is mindful that Ms. Bjurling is proceeding *pro se* and,

17  therefore, the court is required to construe her pleadings liberally.  *See McGuckin v.*

18

19  _____

       [3] Ms. Bjurling specifically petitions the court for the following relief:  (1) a protective
20  order prohibiting Chief Parker and all Designated Crisis Responders ("DCR") from subjecting
    her to any crisis response; (2) a temporary restraining order preventing DCR agents from
21  accessing her housing, medical, or behavioral records; (3) an order sealing all DCR-related
    documentation tied to her ADA filing and neurodivergent status; (4) appointment of a federal
22  monitor or special master to oversee DCR conduct and ensure compliance of federal law; and
    (5) any other relief the court deems appropriate.  (MPO at 4.)

1    *Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nevertheless, a *pro se* litigant must follow

2    the same rules of procedure that govern other litigants.  *See*, *e.g.*, *Briones v. Riviera Hotel*

3    *& Casino*, 116 F.3d 379, 381 (9th Cir. 1997).

4    **A.    Chief Shelby Parker**

5         The court first reviews Ms. Bjurling's motion for entry of default against Chief

6    Paker and then considers Chief Parker's motion to dismiss this action with prejudice

7    pursuant to Rule 12(b)(6).

8         1.    <u>Ms. Bjurling's Motion for Entry of Default Against Chief Parker</u>

9         An entry of default is appropriate "when a party against whom a judgment for

10   affirmative relief is sought has failed to plead or otherwise defend."  Fed. R. Civ. P.

11   55(a).  To prevail, Ms. Bjurling must show that she properly served Chief Parker because

12   "[b]efore a federal court may exercise personal jurisdiction over a defendant, the

13   procedural requirement of service of summons must be satisfied."  *Omni Cap. Int'l, Ltd.*

14   *v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see Murphy Bros., Inc. v. Michetti Pipe*

15   *Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process . . . a

16   court ordinarily may not exercise power over a party the complaint names as

17   defendant.").  Ms. Bjurling bears the burden of showing that service was valid.

18   *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  Typically, this burden is satisfied

19   by submitting an affidavit from a process server, which acts as "prima facie evidence of

20   valid service."  *SEC v. Internet Sols. for Bus., Inc.*, 509 F.3d 1161, 1166 (9th Cir. 2007)

21   (citation omitted).  Unless some defect in service is shown on the face of the return, the

22

1  process server's affidavit is entitled to a presumption of correctness and may be

2  overcome only by "strong and convincing evidence." *Id*.

3      Here, it is clear from the face of the service affidavit that Ms. Bjurling did not

4  properly serve Chief Parker .  First, Ms. Bjurling, who is a party to this action, signed the

5  affidavit of service.  (*See* Parker Service Aff.)  Service was thus invalid on this basis

6  alone.  *See* Fed. R. Civ. P. 4(c)(2) (providing that "[a]ny person who is at least 18 years

7  old and *not a party* may serve a summons and complaint") (emphasis added).

8      Second, even if a non-party had signed the affidavit of service, Ms. Bjurling's

9  attempted service would still be improper because first class mail is not an authorized

10  method of service.  Because Chief Parker is an individual within a judicial district of the

11  United States, she must be served in accordance with Federal Rule of Civil Procedure

12  4(e)(2), which requires Ms. Bjurling to (1) deliver the summons and second amended

13  complaint to Chief Parker personally, (2) leave a copy of each at Chief Parker's dwelling

14  or usual place of abode with someone of suitable age and discretion who resides there, or

15  (3) deliver a copy of each to an agent authorized by appointment or by law to receive

16  service of process.  Fed. R. Civ. P. 4(e)(2).  Rule 4(e)(1) also authorizes service by

17  following state law governing service in courts of general jurisdiction in the same district.

18  *See* Fed. R. Civ. P. 4(e)(1).  Under Washington law, Ms. Bjurling may serve Chief Parker

19  by (1) delivering a copy to Chief Parker personally or (2) leaving a copy at the house of

20  Chief Parker's usual abode with some person of suitable age and discretion who resides

21  there.  RCW 4.28.080(14).  Neither state nor federal law authorizes service by mail.  *See*

22  *Smith v. Weber*, No. C13-5207RJB, 2013 WL 12191398, at *6 (W.D. Wash. July 30,

1    2013) (affirming that Washington state laws do not permit service of a summons by

2    mail); *see United States v. Wen-Bing Soong*, 650 F. App'x 425, 427-28 (9th Cir. 2016)

3    (affirming Rule 4(e) only provides for service on an individual by "leaving a copy of the

4    summons and complaint at the individual's dwelling or place of abode with someone of

5    suitable age. . . or following state law for [service]").  Thus, Ms. Bjurling has not met her

6    burden of showing proper service on Chief Parker.  As a result, the court must deny Ms.

7    Bjurling's motion for entry of default against Chief Parker for lack of personal

8    jurisdiction.

9         2.    Chief Parker's Motion to Dismiss

10        Chief Parker moves to dismiss this action for lack of personal jurisdiction under

11   Federal Rule of Civil Procedure 12(b)(2); for insufficient service of process under Rule

12   12(b)(5), and for failure to state a claim under Rule12(b)(6).  Dismissal is warranted

13   under Rules 12(b)(2) and 12(b)(5) because, as discussed above, the court lacks personal

14   jurisdiction over Chief Parker because Ms. Bjurling failed to properly serve her.  The

15   court concludes that dismissal of Ms. Bjurling's claims against Chief Parker is also

16   warranted under Rule 12(b)(6).

17        Rule 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim

18   upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6); *see also* Fed. R. Civ. P.

19   8(a)(2) (requiring the plaintiff to provide "a short and plain statement of the claim

20   showing that the pleader is entitled to relief").  Under this standard, the court construes

21   the allegations in the complaint in the light most favorable to the nonmoving party, *Livid*

22   *Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks

1   whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to

2   relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

3   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility

4   when the plaintiff pleads factual content that allows the court to draw the reasonable

5   inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

6        To state a claim under 42 U.S.C. § 1983, Ms. Bjurling must plausibly allege

7   (1) that she suffered a violation of rights protected by the Constitution or created by

8   federal statute and (2) the violation was proximately caused by a person acting under

9   color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Thus, she must include in her

10  complaint short, plain statements specifying:  (1) the constitutional or statutory right she

11  believes was violated; (2) the name or names of the person, persons, or entity who

12  violated the right; (3) exactly what each individual or entity did or failed to do and when

13  they did or failed to do it; (4) how the action or inaction of each individual or entity is

14  connected to the violation of the her rights; and (5) what specific injury she suffered

15  because of the individual or entity's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72,

16  377 (1976).

17       Having reviewed the allegations in the second amended complaint in the light

18  most favorable to Ms. Bjurling, the court concludes that she fails to state a claim against

19  Chief Parker.  Ms. Bjurling asserts that she was injured as a result of violations of her

20  constitutional rights under the First, Eighth, Tenth, and Fourteenth Amendments; the

21  separation of powers under Articles I and II; and her statutory rights under the ADA and

22  the FHA.  (SAC at 5, 8, 13.)  Ms. Bjurling, however, alleges only that Chief Parker, "in a

supervisory capacity and through counsel, demonstrated awareness of recording

requirements yet [the] Olympia [Police Department] failed to record key interactions in

violation of RCW 10.109." (SAC at 6; *see also id.* at 13 (alleging that Chief Parker's

"counsel acknowledged the intent to record depositions, underscoring the importance of

video evidence").) Thus, Ms. Bjurling fails to plausibly allege (1) what Chief Parker did

or failed to do, (2) when Chief Parker did or failed to do it, (3) what specific injury Ms.

Bjurling suffered as a result of Chief Parker's conduct, and (4) how the injury is

connected to the alleged violation of Ms. Bjurling's constitutional or statutory rights. *See*

*Rizzo*, 423 U.S. at 377. Accordingly, the court grants Chief Parker's motion to dismiss.[4]

**B.    Mr. Holder**

The court first considers Ms. Bjurling's motion for entry of default against Mr.

Holder and then reviews her claims against Mr. Holder pursuant to 28 U.S.C.

§ 1915(e)(2)(B).

1.    Motion for Entry of Default Against Mr. Holder

The court denies Ms. Bjurling's motion for entry of default against Mr. Holder for

the same reasons it denied her motion for entry of default against Chief Parker. First, Ms.

Bjurling, who is a party to this action, signed the affidavit of service. (*See* Holder

Service Aff.) Service was thus improper on this basis alone. Fed. R. Civ. P. 4(c)(2).

Second, Ms. Bjurling mailed the summons to Mr. Holder via first-class mail, which is not

an authorized method of service under state or federal law. (*See* Holder Service Aff.);

---

[4] Because the court dismisses this action for failure to state a claim, it need not address Chief Parker's arguments regarding qualified immunity.

ORDER - 9

1   *see* Fed. R. Civ. P. 4(e); RCW 4.28.080(14).  Thus, Ms. Bjurling fails to meet her burden

2   to show she properly served Mr. Holder.  Consequently, the court lacks personal

3   jurisdiction over Mr. Holder and must deny Ms. Bjurling's motion for entry of default.

4   *See Murphy Bros.*, 526 U.S. at 350.

5          2.      § 1915 Review of Federal Claims against Mr. Holder

6          Under 28 U.S.C. § 1915(e)(2)(B), a federal district court must dismiss a claim

7   filed IFP "at any time" if it determines (1) the action is frivolous or malicious; (2) the

8   action fails to state a claim; or (3) the action seeks relief from a defendant who is immune

9   from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845, 845

10  (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to

11  prisoners.").

12         The court liberally construes Ms. Bjurling's second amended complaint to raise

13  claims against Mr. Holder for violations of the ADA and the FHA in connection with her

14  status as an "adult with autism."  (SAC at 7-8, 13.)  Ms. Bjurling fails, however, to

15  plausibly allege that Mr. Holder's conduct violated these statutes.

16         First, to state a claim for disability discrimination under Title II of the ADA, 42

17  U.S.C. § 12132, Ms. Bjurling must plausibly allege that:  (1) she is an individual with a

18  disability; (2) she is otherwise qualified to participate in or receive the benefit of some

19  public entity's services, programs, or activities; (3) she was either excluded from

20  participation in or denied the benefits of the public entity's services, programs, or

21  activities, or was otherwise discriminated against by the public entity; and (4) such

22  exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

*Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002).  A "public entity" is any state or local government; any department or agency of a state or local government; and any commuter authority, including the National Railroad Passenger Corporation.  42 U.S.C. § 12132.  Here, Ms. Bjurling's Title II claim against Mr. Holder fails because she cannot plausibly allege that Mr. Holder, a private individual, is a public entity.

Second, to state a claim for disability discrimination under Title III of the ADA, 42 U.S.C. § 12182, Ms. Bjurling must plausibly allege that:  (1) she is disabled within the meaning of the ADA; (2) Mr. Holder is a private entity that owns, leases, or operates a place of public accommodation; and (3) she was denied public accommodations by Mr. Holder because of her disability.  42 U.S.C. §§ 12182(a)-(b); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).  Ms. Bjurling's Title III claim against Mr. Holder fails because she cannot plausibly allege that Mr. Holder, a private individual, is a private entity that owns, leases, or operates a place of public accommodation.

Third, to state a claim for disability discrimination under the FHA, Ms. Bjurling must plausibly allege that:  (1) that she is handicapped within the meaning of 42 U.S.C. § 3602(h); (2) that Mr. Holder knew or should reasonably be expected to know of the handicap; (3) that accommodation of the handicap may be necessary to afford the handicapped person an equal opportunity to use and enjoy the dwelling; (4) that the accommodation is reasonable; and (5) that Mr. Holder refused to make the requested accommodation.  *Dubois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1179 (9th Cir. 2006); 42 U.S.C. § 3604(f)(2).  As a fellow tenant, Mr. Holder's conduct is only regulated by the FHA through traditional agency principles.  *Meyer v.*

1    *Holley*, 537 U.S. 280, 290-91 (2003) (affirming that courts should determine FHA

2    principal liability "in accordance with traditional principles of vicarious liability"); 24

3    C.F.R. § 100.7(b) ("A person is vicariously liable for discriminatory housing practice by

4    the person's agent or employee[.]").  Ms. Bjurling's § 3604(f) claim against Mr. Holder

5    fails because she has not plausibly alleged that Mr. Holder, as a fellow tenant, is directly

6    or vicariously liable for a discriminatory housing practice.

7            Finally, to state a claim for discriminatory harassment under the FHA, Ms.

8    Bjurling must plausibly allege that she was subjected to:  (1) severe or pervasive

9    harassment; (2) that was based on a protected characteristic; and (3) that Mr. Holder is

10   responsible for the resulting hostile housing environment.  *Morris v. W. Hayden Ests.*

11   *First Addition Homeowners Ass'n, Inc.*, 104 F.4th 1128, 1147 (9th Cir. 2024); 42 U.S.C.

12   § 3604(b).  Vicarious liability attaches for individual tenants acting as agents of

13   landlords, *Harris*, 183 F.3d 1054, but not for individual tenants who undertake

14   discriminatory conduct in their individual capacity, *see generally* 24 C.F.R. § 100.7.  Ms.

15   Bjurling alleges in her second amended complaint that Mr. Holder attacked her by

16   "throwing things" and chasing her and her service dog, causing her to fall on stairs.

17   (SAC at 8.)  Because Ms. Bjurling has not alleged that Mr. Holder was acting as an agent

18   for her landlord, however, Mr. Holder is not a proper defendant for a FHA harassment

19   claim.  *See Morris*, 104 F.4th at 1147-48 (affirming that, under certain circumstances,

20   property owners are liable for the discriminatory acts of third parties) (*citing* 24 C.F.R.

21   § 100.7(a)(iii)).  Ms. Bjurling also does not sufficiently allege that Mr. Holder's attack

22

1   was motivated by discriminatory intent based on a protected characteristic.

2   Consequently, she fails to state a claim against Mr. Holder for a violation of the FHA.

3        Thus, the court dismisses Ms. Bjurling's remaining federal claims against Mr.

4   Holder pursuant to 28 U.S.C. § 1915(e)(2)(B).

5   **C.    Leave to Amend**

6         When granting a motion to dismiss, a district court is generally required to grant

7   the plaintiff leave to amend, even if no request to amend the complaint was made, unless

8   the complaint could not possibly be cured by the allegation of other facts. *Cook, Perkiss*

9   *& Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990);

10  *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (noting that courts in the

11  Ninth Circuit liberally construe Federal Rule of Civil Procedure 15(a) to allow leave to

12  amend unless amendment would be futile). Nevertheless, the court has "particularly

13  broad" discretion to deny leave to amend "where [a] plaintiff has previously amended the

14  complaint." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058

15  (9th Cir. 2011).

16        Here, the court has provided Ms. Bjurling both ample guidance and multiple

17  opportunities to amend her claims against Defendants. (*See* 7/7/25 Order at 4; *see also*

18  8/8/25 Order at 3-4.) Because Ms. Bjurling's second amended complaint still suffers

19  from the same deficiencies the court identified in its prior orders, the court concludes that

20  Ms. Bjurling could not possibly cure the defects in her complaint by the allegation of

21  other facts and that further leave to amend would be futile. Therefore, the court declines

22

1    to grant Ms. Bjurling further leave to amend the second amended complaint and

2    dismisses her federal claims against Chief Parker and Mr. Holder with prejudice.

3    **D.    Supplemental Jurisdiction**

4         When a district court has original jurisdiction over a plaintiff's federal claims, it

5    also has supplemental jurisdiction to decide related state law claims.  *See Pell v. Nunez*,

6    99 F.4th 1128, 1135 (9th Cir. 2024) (citing 28 U.S.C. § 1367(a)).  When a district court

7    "has dismissed all claims over which it has original jurisdiction," however, it "may

8    decline to exercise supplemental jurisdiction" over remaining state law claims.  28 U.S.C.

9    § 1367(c)(3).  In determining whether to exercise supplemental jurisdiction, the court

10    considers several factors, including judicial economy, comity, convenience, and fairness.

11    *See O'Connor v. State of Nevada*, 27 F.3d 357, 363 (9th Cir. 1994), *as amended* (July 1,

12    1994), *as amended* (July 12, 1994).

13         The court declines to exercise jurisdiction over Ms. Bjurling's state-law claims

14    against Defendants.  Ms. Bjurling brings a state-law claim against Chief Parker for

15    violation of RCW 10.109, which pertains to law enforcement body camera requirements.

16    (SAC at 8-9.)  She also brings state-law claims against Mr. Holder for recording an

17    alleged sexual assault perpetrated by Mr. Swansey in violation of RCW 7.105, which

18    governs vulnerable adult protection orders, and RCW 74.34, which governs abuse of

19    vulnerable adults.  (SAC at 7, 13.)  The court previously dismissed all federal claims

20    against Mr. Johnson for alleged Constitutional violations under the Fourteenth

21    Amendment and statutory violations under the ADA and the FHA pursuant to 28 U.S.C.

22

1    § 1915(e)(2)(B).[5]  (*See* 8/11/25 Order at 4.)  Given the absence of viable federal claims

2    against Defendants, the court determines that the interests of judicial economy, comity,

3    convenience, and fairness weigh against exercising supplemental jurisdiction over Ms.

4    Bjurling's state-law claims against Defendants.  Therefore, the court exercises its

5    discretion and declines supplemental jurisdiction over Ms. Bjurling's remaining state-law

6    claims.  These claims are, therefore, dismissed without prejudice.

7    **E.     Joinder of New Defendants**

8           Although Rule 18(a) permits a party asserting a claim to join "as many claims as it

9    has against an opposing party," Fed. R. Civ. P. 18(a), "unrelated claims against different

10   defendants belong in different suits," *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

11   Permissive joinder, which is governed by Rule 20, is "designed to promote judicial

12   economy, and reduce inconvenience, delay, and added expense."  *Coughlin v. Rogers*,

13   130 F.3d 1348, 1351 (9th Cir. 1997).  Therefore, a plaintiff may bring claims against

14   multiple defendants only if (1) the claim arises out of the same transaction or occurrence,

15   or series of transactions and occurrences, and (2) there are common questions of law or

16   fact.  *See* Fed. R. Civ. P. 20(a)(2); *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d

17

18

19         _____

20           [5] Although the court denied Ms. Bjurling leave to further amend her allegations against
     Mr. Johnson, it erroneously dismissed Mr. Johnson from this action without prejudice.  (*See id*.
     at 4-5 & n.5.)  Accordingly, the court corrects its August 11, 2025 order pursuant to Federal Rule

21   of Civil Procedure 60(a).  *See* Fed. R. Civ. P. 60(a) (allowing the court to correct a mistake in an
     order on its own motion).  Ms. Bjurling's claims against Mr. Johnson are dismissed from this
     action with prejudice for the reasons set forth in the August 11, 2025 order.  (*See generally*

22   8/11/25 Order.)

1    1371, 1375 (9th Cir. 1980) (setting forth Rule 20(a)'s specific requirements for the

2    permissive joinder of parties).

3    Here, Ms. Bjurling attempts to raise for the first time in her motion for joinder

4    claims against Olympic Health & Recovery Services, Lucy Stern, South Sound

5    Behavioral Hospital, and Providence Health & Services arising out of her past civil

6    commitments. (MFJ at 2 (asserting that these claims arise out of a five-year history of

7    civil commitments).) These new claims, however, do not arise out of the same

8    transaction or occurrence as her claims against Chief Parker and Mr. Holder, nor do they

9    have questions of fact or law in common with those claims. *See* Fed. R. Civ. P. 20(a)(2);

10   *see, e.g.*, *Coughlin*, 130 F.3d at 1351 (denying permissive joinder when there is no

11   common question of law or fact). Consequently, the court denies Ms. Burling's motion

12   to join claims against the new defendants to the current litigation.

13   **F.    Injunctive Relief**

14   "A plaintiff seeking a preliminary injunction must show that: (1) she is likely to

15   succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of

16   preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in

17   the public interest." *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (citing *Winter*

18   *v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The standard applicable to a

19   motion for a Temporary Restraining Order ("TRO") is "substantially identical" to the

20   preliminary injunction standard. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*,

21   240 F.3d 832, 839 n.7 (9th Cir. 2001). A TRO is an "extraordinary remedy that may only

22

1   be awarded upon a clear showing that the plaintiff is entitled to such relief." *See Winter*,

2   555 U.S. at 22.  It is "never awarded as of right."  *See id.* at 24.

3          Ms. Bjurling's petition for a TRO necessarily fails because she has not established

4   that she is likely to succeed on the merits, that she is likely to suffer irreparable harm

5   absent preliminary relief, that the balance of equities weigh in her favor, or that an

6   injunction is in the public interest.  To the contrary, none of her federal claims against

7   any Defendants survive this order.  Consequently, the court denies Ms. Burling's motion

8   for a protective order against Chief Parker.

9   **G.    28 U.S.C. § 1927 Sanctions**

10         A federal district court may impose 28 U.S.C. § 1927 sanctions at its discretion.

11  *Haynes v. City & Cty. of San Fransico*, 688 F.3d 984, 987 (9th Cir. 2012) (affirming that

12  a court has "substantial leeway" when deciding whether to impose § 1927 sanctions).

13  Section 1927 sanctions are appropriate when an attorney "recklessly or intentionally

14  misled the court[,]" *Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir. 1982), and

15  require a finding of bad faith,  *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th

16  Cir. 1996).

17         The court declines to impose sanctions on counsel for Intercity Transit.  Intercity

18  Transit is not a party to this matter (*see generally* Dkt.), and Ms. Bjurling has not

19  established that its counsel "unreasonably and vexatiously multipl[ied] proceedings in

20  coordination with [Chief Parker]."  (MTA at 1.)  She also has not shown that counsel

21  acted in bad faith.  *Barnd*, 664 F.2d at 1343.  Thus, the court denies her motion for

22  § 1927 sanctions against counsel for Intercity Transit.

1

## IV. CONCLUSION

2        For the foregoing reasons, the court DENIES Ms. Bjurling's motion for entry of

3   default (Dkt. # 34); motion for joinder of new defendants (Dkt. # 39); request for

4   injunctive relief (Dkt. # 44); and motion to amend the second amended complaint and

5   impose sanctions against counsel for Intercity Transit (Dkt. # 46); and GRANTS Chief

6   Parker's motion to dismiss (Dkt. # 31).  The court DISMISSES Ms. Bjurling's claims

7   against Chief Parker and Mr. Johnson with prejudice.  The court further DECLINES to

8   exercise supplemental jurisdiction over the Ms. Bjurling's state law claims against

9   Defendants and DISMISSES those claims without prejudice to Ms. Bjurling refiling

10  those claims in state court.

11

12        Dated this 31st day of October, 2025.

13        _____

14        JAMES L. ROBART
          United States District Judge

15

16

17

18

19

20

21

22